CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 17 2013

JULIA C. DUDLEY, CLERK
BY: /s/ Moody
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALEXANDER BODDIE, JR., | ) |
| | ) Civil Action No. 7:12CV00525 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| | ) By: Hon. Glen E. Conrad |
| OFFICER CROWE, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

This case is presently before the court on the defendant's motion to dismiss or, in the alternative, for summary judgment. For the following reasons, the defendant's motion will be granted, and the case will be dismissed with prejudice.

On October 29, 2012, the plaintiff, Alexander Boddie, Jr., a former federal inmate proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. § 1331. Mr. Boddie alleges that Officer Crowe violated his constitutional rights by sexually assaulting him while he was incarcerated at United States Penitentiary – Lee, in Jonesville, Virginia, on March 12, 2009. He seeks damages in excess of ten thousand dollars.

Bivens actions are governed by the state statute of limitations applicable to general personal injury cases in the state where the alleged violations occurred. Owens v. Okure, 488 U.S. 235, 239–40 (1989). Virginia has a two-year statute of limitations for general personal injury claims. Va. Code Ann. § 8.01-243(a). Under these principles, a plaintiff bringing a civil rights action under Bivens in Virginia must do so within two years from the time his action accrues. Id. The time of accrual of a cause of action under Bivens is a federal question. Nasim v. Warden, Md. House of

Correction, 64 F.3d 951, 955 (4th Cir. 1995). In the Fourth Circuit, the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id.

Before a Bivens claim can be properly filed, the plaintiff must exhaust all administrative remedies available to him. See, e.g., Woodford v. Ngo, 548 U.S. 81, 85 (2006). Under limited circumstances, the exhaustion of administrative remedies will equitably toll the statute of limitations. See, e.g., Lujan v. Teters, No. 7:06-cv-00748, 2007 WL 4376149, at *5 (W.D. Va. Dec. 14, 2007). However, contrary to the plaintiff's assertion in his response to the instant motion, seeking an administrative remedy is not the beginning of the filing process for a Bivens action. Rather, a Bivens action begins when the plaintiff files a complaint with the district court.

Here, it is undisputed that the plaintiff fully exhausted his administrative remedies before filing this Bivens action on October 29, 2012. In his complaint, the plaintiff alleged that the defendant violated his constitutional rights by sexually assaulting him on March 12, 2009. Since the plaintiff immediately possessed sufficient facts about the harm done to him, the statute of limitations began running on the date of the assault. Under Virginia's two-year statute of limitations, any action filed after March 12, 2011 is time-barred. Even if the statute of limitations was tolled until August 2, 2010—while the plaintiff exhausted his administrative remedies—the plaintiff failed to file his complaint by August 2, 2012, as would be required. Because the plaintiff's claim is barred by the statute of limitations, it must be dismissed with prejudice.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 17th day of October, 2013.

*[signature]*
Chief United States District Judge